**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ALAN L. GOLDSWORTH, <br><br> Defendant. | No. 04-CR-70-LRR <br><br> **SENTENCING MEMORANDUM** |

_____

## *I. INTRODUCTION*

In this sentencing, the court must decide two important legal issues: (1) whether Defendant Alan L. Goldsworth has three prior convictions for "violent felony" offenses, as defined in 18 U.S.C. § 924(e)(2)(B), and (2) whether 18 U.S.C. § 924(e) has a maximum term of life imprisonment.

## *II. PROCEDURAL BACKGROUND*

On July 20, 2004, the government charged Defendant in a one-count Indictment. The government alleged Defendant knowingly possessed a firearm, having previously been convicted of a number of crimes punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). The government also claimed Defendant had three or more "violent felony" convictions, thereby triggering the enhanced sentencing provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).

On January 21, 2005, Defendant pled guilty to the Indictment before a United States Magistrate Judge. At the plea hearing, Defendant reserved the right to challenge whether

he has three or more violent felony convictions.[1]  On February 7, 2005, the undersigned accepted Defendant's guilty plea.

On June 29, 2005, the United States Probation Office prepared a Presentence Investigation Report ("PSIR").  On May 9, 2006, the PSIR was revised.  On May 16 and 17, 2006, the government and Defendant filed their respective sentencing memoranda.  On May 30, 2006, Defendant filed a correction to his sentencing memorandum.

On May 31, 2006, sentencing proceedings in this matter commenced at a hearing ("Hearing") held before the undersigned.  Assistant United States Attorney Robert L. Teig represented the government.  Attorney Raphael M. Scheetz, III represented Defendant.

At the Hearing, the parties fully argued the two issues analyzed in the instant Sentencing Memorandum and submitted them for the court's decision.  Given the complexity of these two issues, the court informed the parties that it would issue the instant written Sentencing Memorandum and continue the remainder of the Hearing to June 8, 2006, at 1:30 p.m.  In the instant Sentencing Memorandum, the court analyzes the legal issues fully presented to the court to date.  When the Hearing resumes on June 8, 2006, the court shall receive argument on the remaining issues in the case and pronounce sentence in a manner consistent with the instant Sentencing Memorandum.

### III.  THE ISSUES

According to the PSIR, there were originally four legal issues for the court to decide at sentencing.  Those issues were: (1) whether Defendant has three prior convictions for "violent felony" offenses, as defined in 18 U.S.C. § 924(e)(2)(B); (2) whether 18 U.S.C.

---

[1] Defendant subsequently made clear that he does not contest that he has the prior convictions at issue or the underlying facts of those convictions.  Defendant objects to the government's legal argument that three of his prior convictions qualify as "violent felonies" under the ACCA.

§ 924(e) has a maximum term of life imprisonment; (3) whether an upward departure is appropriate because Defendant's criminal history category under-represents his criminal history and the likelihood he will recidivate; and (4) whether Defendant's right to counsel was violated when the court ordered him to participate in a psychological evaluation without his attorney. Only the first and second issues are discussed in the instant Sentencing Memorandum.[2] These issues are fully submitted for the court's decision, and the court turns to consider them now.

## IV. THE MERITS

### A. Three Prior Violent Felony Convictions

Under the ACCA, "a person who violates [18 U.S.C. § 922(g)] and has three previous convictions . . . for a violent felony . . . , committed on occasions different from one another, . . . shall be fined under this title and imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives,

---

[2] The court shall consider the third issue when the Hearing resumes on June 8, 2006. The court shall also consider a fifth issue: whether, in light of Defendant's challenge to the ACCA sentencing enhancement, he is still entitled to acceptance of responsibility under U.S.S.G. § 3E1.1. The parties resolved the fourth legal issue at the Hearing. The parties agreed that Defendant's psychological examination could be used only for purposes of placement and treatment, and the court concurred.

3

> or otherwise involves conduct that presents a serious potential
> risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). The government contends that Defendant has at least four violent felony convictions: (1) a 1979 conviction on two counts of Second Degree Burglary, (2) a 1984 conviction for Second Degree Burglary, (3) a 1988 conviction for Third Degree Sexual Abuse and (4) a 2001 conviction for Third Degree Burglary.[3] All four convictions were in the Iowa District Court.

Defendant admits (1) he violated 18 U.S.C. § 922(g), (2) he committed the crimes alleged in the PSIR and (3) his 1988 conviction for Third Degree Sexual Abuse is a "violent felony." *See* Court Exhibit 1. Defendant contends that the ACCA's sentencing enhancements do not apply, however, because he does not have three prior violent felony

---

[3] In the PSIR, the Probation Office contends that Defendant's 1977 conviction for Operating a Motor Vehicle without Owner's Consent ("OMVOC") is a "violent felony" for purposes of the ACCA because the Eighth Circuit Court of Appeals has held that "the Iowa aggravated misdemeanor offense of operating an automobile without the owner's consent constitutes a crime of violence" for purposes of U.S.S.G. §4B1.2. *United States v. Lindquist*, 421 F.3d 751, 754 (8th Cir. 2005), *reh'g and reh'g en banc denied* (8th Cir. May 4, 2006)); *see also United States v. Nolan*, 397 F.3d 665, 666 (8th Cir. 2005) (construing "'violent felony' under 18 U.S.C. § 924(e)(B)(ii) to have the same meaning as 'crime of violence' under U.S.S.G. §4B1.2"), *cert. denied*, 126 S. Ct. 195 (2005). At the Hearing, the government conceded that this conviction was not "punishable for a term of imprisonment exceeding one year," and, therefore, it is not a violent felony for purposes of the ACCA. *Lindquist* is distinguishable because Defendant's OMVOC conviction predates Lindquist's. In *Lindquist*, the OMVOC statute was "punishable for a term not exceeding two years." *Lindquist*, 421 F.3d at 754 n.2 (citing Iowa Code § 903.1(b)(2)). In 1976, however, the maximum term of imprisonment for OMVOC was one year. *See* Iowa Code § 321.76 (1975) (stating that a person convicted of OMVOC "shall be imprisoned in the penitentiary not to exceed one year, or be imprisoned in the county jail not to exceed six months, or be fined not to exceed five hundred dollars"); *see, e.g., In re Interest of Champion*, 221 N.W.2d 773, 773-74 (Iowa 1974) (noting same).

convictions.

In deciding whether Defendant has three prior violent felony convictions, the court shall focus upon "the elements of the statute[s] of conviction, not . . . the facts of [Defendant's] conduct." *Taylor v. United States*, 495 U.S. 575, 600 (1990); *see also id.* (finding persuasive lower courts' uniform holdings that "§ 924(e) mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions."). "In determining whether a prior conviction is a violent felony for purposes of sentence enhancement under § 924(e), a sentencing court may look beyond the fact of conviction and the statutory definition of the offense to other sources such as the charging documents." *United States v. Griffith*, 301 F.3d 880, 884-85 (8th Cir. 2000) (citing *United States v. Maddix*, 96 F.3d 311, 314 (8th Cir. 1996)). The court may not rely upon police reports. *Shepard v. United States,* 544 U.S. 13, 16 (2005); *United States v. Payton*, 918 F.2d 54, 55-56 (8th Cir. 1990).

### *1. 1979 Burglary Convictions*

On February 16, 1979, an Information in the Iowa District Court in and for Marshall County charged Defendant with two-counts of Second Degree Burglary, in violation of Iowa Code § 713.3 (1977). The Information alleged that Defendant entered two residences without the right, license or privilege to do so and with the intent to commit a theft therein. On March 8, 1979, Defendant pled guilty to the Information. On March 26, 1979, Defendant was sentenced to a term of imprisonment not to exceed ten years on each count. The terms of imprisonment were ordered to run concurrently. *See* Exhibit 1.

The court holds that Defendant's 1979 Second Degree Burglary convictions count

as one[4] predicate "violent felony" under the ACCA. These convictions were clearly punishable by more than one year and the ACCA states that "burglary" is a predicate offense. 18 U.S.C. § 924(e)(2)(B)(ii). Such "burglary" refers to "'generic burglary,' an 'unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'" *Shepard*, 544 U.S. at 16-17 (quoting *Taylor*, 495 U.S. at 599). The Information makes clear that Defendant was convicted of "generic burglary," because it states that Defendant was convicted of burgling two residences. *See id.* This is not a case in which a defendant was convicted of a broad state burglary statute that criminalizes non-generic burglaries, such as the unauthorized entry into a boat or a car. *See id.* at 15-16 (noting that the ACCA "makes burglary a violent felony only if committed in a building or an enclosed space ("generic burglary"), not in a boat or motor vehicle.").[5]

### 2. *1984 Burglary Conviction*

On July 12, 1984, a Complaint in the Iowa District Court in and for Tama County

---

[4] At the Hearing, the government conceded that the two counts of conviction should be characterized as part of the same criminal episode, because the two burglaries occurred within forty-five minutes of one another. Therefore, even though Defendant was convicted of two burglaries in 1979, these burglaries may only count as one violent felony for purposes of § 924(e). *See* 18 U.S.C. § 924(e) (stating that the three prior violent felonies must have been "committed on occasions different from one another"); *see also United States v. Deroo*, 304 F.3d 824, 828 (8th Cir. 2002) ("To qualify as predicate offenses under the statute, each conviction must be a separate and distinct criminal episode, rather than part of a continuous course of conduct.").

[5] The court notes that the Eighth Circuit Court of Appeals has indicated that Second Degree Burglary under Iowa law is a "crime of violence" for purposes of U.S.S.G. §4B1.2. *See United States v. Carpenter*, 11 F.3d 788, 791 (8th Cir. 1993) (discussing Iowa Code § 713.1 (1981) and § 713.5 (1981)). It therefore stands to reason that Defendant's 1979 and 1984 convictions for Second Degree Burglary are violent felony convictions for purposes of 18 U.S.C. § 924(e)(B)(ii). *See Nolan*, 397 F.3d at 666 (equating 18 U.S.C. § 924(e)(B)(ii) and U.S.S.G. §4B1.2).

charged Defendant with one-count of Second Degree Burglary, in violation of Iowa Code § 713.5 (1983). The Trial Information alleged that, on June 26, 1984, Defendant unlawfully entered an occupied structure, without the right, license or privilege to do so, with the intent to commit a theft therein. On August 24, 1984, Defendant pled guilty to the Trial Information. On October 4, 1984, Defendant was sentenced to a term of imprisonment not to exceed ten years. *See* Exhibit 2.

The court holds that Defendant's 1984 Second Degree Burglary conviction counts as a predicate "violent felony" under the ACCA. This conviction was clearly punishable by more than one year and the ACCA states that "burglary" is a predicate offense. 18 U.S.C. § 924(e)(2)(B)(ii). Such "burglary" refers to "'generic burglary,' an 'unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'" *Shepard*, 544 U.S. at 16-17 (quoting *Taylor*, 495 U.S. at 599). The Trial Information makes clear that Defendant was convicted of "generic burglary," because it states that Defendant was convicted of burgling a building. *See id.* This is not a case in which a defendant was convicted of a broad state burglary statute that criminalizes non-generic burglaries, such as the unauthorized entry into a boat or a car. *See id.* at 15-16 (noting that the ACCA "makes burglary a violent felony only if committed in a building or an enclosed space ("generic burglary"), not in a boat or motor vehicle.").

### 3. *2001 Burglary Conviction*

On March 12, 2001, a Complaint in the Iowa District Court in and for Tama County charged Defendant with one-count of Third Degree Burglary, in violation of Iowa Code § 713.6A (1999). The Complaint and Trial Information alleged that, on March 11, 2001, Defendant unlawfully entered an occupied structure, without the right, license or privilege to do so, with the intent to commit a theft therein. On May 31, 2001, Defendant pled guilty to the Trial Information. On September 20, 2001, Defendant was sentenced to a

7

term of imprisonment not to exceed five years. *See* Exhibit 3.

The court holds that Defendant's 2001 Third Degree Burglary conviction counts as a predicate "violent felony" under the ACCA. The statute under which Defendant was convicted provided:

> All burglary which is not burglary in the first degree or burglary in the second degree is burglary in the third degree. Burglary in the third degree is a class "D" felony.

Iowa Code § 713.6A (1999). In Iowa, class "D" felonies are punishable by a term of imprisonment not to exceed five years. Iowa Code 902.9 (1999). This conviction was clearly punishable by more than one year and the ACCA states that "burglary" is a predicate offense. 18 U.S.C. § 924(e)(2)(B)(ii). Such "burglary" refers to "'generic burglary,' an 'unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'" *Shepard*, 544 U.S. at 16-17 (quoting *Taylor*, 495 U.S. at 599). The Complaint and Trial Information make clear that Defendant was convicted of "generic burglary," because they state that Defendant was convicted of burgling a building. *See id*. Again, this is not a case in which a defendant was convicted of a broad state burglary statute that criminalizes non-generic burglaries, such as the unauthorized entry into a boat or a car. *See id*. at 15-16 (noting that the ACCA "makes burglary a violent felony only if committed in a building or an enclosed space ("generic burglary"), not in a boat or motor vehicle.").

### *4. Conclusion Regarding Predicate Offenses*

Defendant has four prior violent felony convictions for purposes of the ACCA: one conviction in 1979 on two counts of Second Degree Burglary, one conviction in 1984 for Second Degree Burglary, one conviction in 2001 for Third Degree Burglary and (as Defendant concedes) one conviction in 1988 for Third Degree Sexual Abuse.

Accordingly, when the Hearing resumes, the court shall find Defendant is subject to the sentencing enhancements of the ACCA, 18 U.S.C. § 924(e).

### B. Does 18 U.S.C. § 924(e) have a maximum term of life imprisonment?

Defendant contends that 18 U.S.C. § 924(e) does not have a maximum term of life imprisonment. Section 924(e) states that, if a defendant has three prior violent felony convictions, he "shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e). The ACCA thus contains a statutory minimum sentence, but does not expressly contain a statutory maximum sentence. Defendant contends that, in the absence of express language, the maximum sentence should be Defendant's guidelines sentence. Defendant presents no legal authority in support of this argument.

The government points to *United States v. Carey*, 898 F.2d 642 (8th Cir. 1990), in which the Eighth Circuit Court of Appeals stated that Section 924(e) "provides for a statutory minimum penalty of 15 years and a maximum term of life imprisonment." *Carey*, 898 F.2d at 644 (citing, in part, *United States v. Blannon*, 836 F.2d 843, 845 (4th Cir. 1988) (holding that a statute which imposes no upper limit has a maximum term of life imprisonment)). Defendant contends that the language in *Carey* is dicta.

Even if the court were to assume the language in *Carey* is dicta, the Eighth Circuit Court of Appeals has squarely held that the statutory language at issue in the ACCA provides "no limit on sentence that can be given." *United States v. Lego*, 855 F.2d 542, 546 (8th Cir. 1988); *see also id.* ("The language of [what is now § 924(e)] is not ambiguous; it provides that a criminal offender with three prior felony convictions 'shall be imprisoned not less than fifteen years.' It is clear to us that this language sets out a mandatory minimum sentence, no a mandatory maximum sentence."). Moreover, every circuit court of appeals that has addressed Defendant's argument has held that the maximum sentence authorized under Section 924(e) is life imprisonment. *See, e.g., United*

9

States v. Weems, 322 F.3d 18, 26 (1st Cir. 2003); *United States v. Mack*, 229 F.3d 226, 229 n.4 (3d Cir. 2000); *United States v. Brame*, 997 F.2d 1426, 1428 (11th Cir. 1993); *United States v. Bland,* 961 F.2d 123, 128 (9th Cir. 1992); *United States v. Wolak,* 923 F.2d 1193, 1199 (6th Cir. 1991); *United States v. Fields*, 923 F.2d 358, 362 (5th Cir. 1991), *cert. denied*, 500 U.S. 937 (1991); *United States v. Tisdale*, 921 F.2d 1095, 1100 (10th Cir.1990), *United States v. Williams*, 892 F.2d 296, 304 (3d Cir.1989); *United States v. Blannon*, 836 F.2d at 845; *United States v. Jackson*, 835 F.2d 1195, 1197 (7th Cir.1987); *see also Custis v. United States*, 511 U.S. 485, 487 (1994) (remarking that the ACCA "raises the penalty for possession of a firearm by a felon from a maximum of 10 years in prison to a mandatory minimum sentence of 15 years and a maximum of life in prison"). Accordingly, the court holds that Section 924(e) provides for a maximum term of life imprisonment.

## V. CONCLUSION

At sentencing, the court shall hold that Defendant has four prior violent felony convictions. Defendant is thus subject to the sentencing enhancements set forth in 18 U.S.C. § 924(e), which provides for a maximum term of life imprisonment.

**IT IS SO ORDERED.**

**DATED** this 8th day of June, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA